IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY WIER, an Individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED AIRLINES, INC., | ) | **Trial by Jury Demanded** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff through her counsel of record, Michael J. Merrick of Merrick Law Firm LLC, and for her Complaint against Defendant states as follows:

### Nature of the Action

1. Plaintiff Holly Wier has suffered from anxiety and depression for many years. In 2016 and 2017 she sought intermittent FMLA leave from her longtime employer, Defendant United Airlines. After Defendant contacted Ms. Wier's therapist, without authorization, to find out about Ms. Wier's prognosis, Defendant fired her. Defendant stated it fired Ms. Wier because, unbeknownst to her, her therapist's license had lapsed and Ms. Wier had allegedly committed fraud in connection with her application for intermittent FMLA leave. Defendant's stated reason is false and a pretext to hide unlawful discrimination and retaliation. Defendant terminated Ms. Wier's employment because she has a disability and sought to exercise her statutorily-protected rights. Ms. Wier brings this employment disability discrimination and retaliation action under the Americans With Disabilities Act, the Family and Medical Leave Act, and the Illinois Human Rights Act.

**Jurisdiction & Venue**

2. Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§2612-2615 ("FMLA"), arise under federal law. This Court has supplemental jurisdiction over Plaintiff's Illinois Human Rights Act (IHRA) claims under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendant has employees and does business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

**Parties**

4. Plaintiff Holly Wier is a citizen of the United States and at all relevant times was employed by Defendant in Chicago, Illinois.

5. Defendant United Airlines, Inc. is a Delaware corporation authorized to do business in Illinois as a foreign corporation with a principal place of business at 233 South Wacker Drive in Chicago, Illinois.

**Common Allegations**

6. Ms. Wier commenced employment with Defendant on or about December 5, 1994.

7. Ms. Wier received pay raises and promotions during her employment.

8. During all relevant times Ms. Wier held the position of Pilot Training Scheduler.

9. Ms. Wier met or exceeded Defendant's legitimate performance expectations.

10. Ms. Wier suffers from anxiety and depression, including dysthymic disorder with significant dysphoria which is a type of depression. Ms. Wier has received medical care, including therapy, for many years to treat her anxiety and depression.

11. In or about November 2015 Ms. Wier's mother had a stroke.

12. Ms. Wier applied for and received intermittent leave pursuant to the FMLA to care for her mother but only used approximately one day of leave before her mother died in March 2016.

13. After Ms. Wier's mother died her anxiety and depression worsened.

14. In or about September 2016, Ms. Wier requested a reasonable accommodation in the form of applying for intermittent FMLA leave to cover the period of August 2016 through August 2017 to attend therapy appointments and otherwise take care of her health condition.

15. Defendant repeatedly requested additional medical documentation from Ms. Wier beyond that required by the FMLA.

16. After Ms. Wier complied with Defendant's requests for additional information Defendant approved her request for intermittent FMLA leave to care for herself in or about October 2016.

17. In or about July 2017, one month before Ms. Wier's previously-approved intermittent FMLA was set to expire, she again requested a reasonable accommodation in the form of applying for an additional six months of intermittent FMLA leave.

18. On or about July 28, 2017, Defendant approved Ms. Wier's reapplication for intermittent FMLA leave for the period August 15, 2017 through February 15, 2018.

19. In or about August 2017, a representative of Defendant contacted Ms. Wier's therapist and asked her to confirm that she had completed Ms. Wier's FMLA paperwork certifying her need for intermittent FMLA leave. Ms. Wier's therapist confirmed that she had.

20. Defendant's representative also asked Ms. Wier's therapist for medical information about Ms. Wier, including the therapist's thoughts about Ms. Wier's prognosis.

21. Ms. Wier's therapist advised Defendant's representative that while Ms. Wier's treatment was going well and she had improved somewhat, she would not be able to function without the pressure release of being able to use intermittent FMLA leave when necessary.

22. On or about October 5, 2017, Ms. Wier received a letter from Defendant advising that additional information was needed for her FMLA certification as her therapist's license had been cancelled or not renewed.

23. Ms. Wier was completely unaware that her therapist's license had lapsed.

24. On or about October 13, 2017 Ms. Wier contacted Defendant's medical department and asked whether her primary care physician could submit another FMLA certification in lieu of her therapist's certification.

25. A representative from Defendant's medical department advised Ms. Wier that her primary care physician could submit a new FMLA certification.

26. On or about October 16, 2017, Ms. Wier's primary care physician faxed a new FMLA certification to Defendant.

27. On or about October 17, 2017, Defendant's managers called Ms. Wier into a meeting and interrogated and berated her about her use of FMLA leave over the past two years.

28. Defendant purported to be concerned about Ms. Wier's "dependability" and her "misuse of FMLA time."

4

29. Defendant's insinuation that Ms. Wier was undependable and had misused her FMLA leave is baseless and had the effect of discouraging Ms. Wier and any other reasonable person from seeking leave under the ADA and FMLA.

30. On or about October 26, 2017 Ms. Wier received a letter from Defendant stating that her employment was terminated because it was "unlikely" she was unaware that her therapist's license had lapsed and Ms. Wier had "admittedly committed fraud" by completing the FMLA paperwork herself in an effort to have her claim approved.

31. Defendant also stated in the letter that Ms. Wier violated Defendant's "Working Together Guidelines" which provide that employees are expected to be truthful in all communications and not engage in any activity in violation of local, state or federal laws.

32. Ms. Wier did not admit to committing any fraud in connection with her applications for FMLA leave.

33. Ms. Wier did not commit any fraud whatsoever in connection with her applications for FMLA leave.

34. Ms. Wier was not untruthful in her communications.

35. Ms. Wier did not engage in any activity in violation of any laws.

36. Ms. Wier had a serious health condition and disability, and she had a genuine need for intermittent FMLA leave as a reasonable accommodation.

37. Ms. Wier's therapist and primary care physician each certified that Ms. Wier had a serious health condition that required intermittent FMLA leave.

38. Defendant did not conclude that Ms. Wier had misused any FMLA time.

39. Defendant did not conduct any legitimate investigation into whether Ms. Wier had committed fraud in connection with her application for intermittent FMLA leave.

5

40. Defendant did not follow its progressive discipline policy in terminating Ms. Wier's employment.

41. Defendant's stated reason for terminating Ms. Wier's employment is false and a pretext to hide unlawful discrimination and retaliation in violation of the ADA, FMLA and IHRA.

## COUNT I

## ADA FAILURE TO ACCOMMODATE

42. At all relevant times Ms. Wier suffered from anxiety and depression, including dysthymic disorder with significant dysphoria, which are mental impairments as defined by the ADA.

43. Ms. Wier's impairments substantially limit multiple major life activities including, but not limited to, concentrating, thinking, communicating, interacting with others, and working.

44. Ms. Wier's mental impairments also substantially limit the operation of major bodily functions including, but not limited to, the brain function.

45. Ms. Wier's mental impairments constitute an actual disability as defined by the ADA.

46. Ms. Wier also has a record, or history, of impairments that substantially limit one or more of the major life activities described above, *i.e.*, chronic anxiety and depression including dysthymic disorder with significant dysphoria.

47. Defendant also regarded Ms. Wier as having the mental impairments of chronic anxiety and depression.

48. At all relevant times Ms. Wier possessed the necessary education, skill, experience and all other requirements for the position she held with Defendant and she was able to perform the essential functions of her position, with or without a reasonable accommodation, at the time Defendant terminated her employment.

49. At all relevant times Ms. Wier was a qualified individual with a disability as defined by the ADA.

50. Defendant was aware of Ms. Wier's mental impairments and believed they substantially limited one or more major life activities.

51. In 2016 and 2017 Ms. Wier requested that Defendant provide her with the reasonable accommodation of allowing her to use intermittent FMLA leave to receive medical care and otherwise care for herself when medically necessary.

52. In violation of the ADA Defendant failed to provide said reasonable accommodation for Ms. Wier which would have allowed her to continue her long career with Defendant.

53. Defendant terminated Ms. Wier's employment because of her disability.

54. Defendant's failure to provide Ms. Wier with a reasonable accommodation and the termination of her employment are adverse employment actions under the ADA.

55. Defendant acted with malice and reckless indifference to Ms. Wier's federally-protected rights.

56. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

57. Ms. Wier has received a notice of right to sue from the U.S. Equal Employment Opportunity Commission.

## COUNT II

## IHRA FAILURE TO ACCOMMODATE

58. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth in this Count II.

59. Defendant's failure to reasonably accommodate Ms. Wier's disability is a violation of the IHRA.

60. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT III

## ADA DISABILITY DISCRIMINATION/WRONGFUL TERMINATION

61. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth in this Count III.

62. Defendant violated the ADA by contacting Ms. Wier's therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, and terminating her employment because she has an actual disability, has a record of having a disability, and/or Defendant regarded her as having a disability.

63. Defendant acted with malice and reckless indifference to Ms. Wier's federally-protected rights.

64. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT IV

## IHRA DISABILITY DISCRIMINATION/WRONGFUL TERMINATION

65. Plaintiff incorporates by reference paragraphs 1 through 60 as though fully set forth in this Count IV.

66. Defendant violated the IHRA by contacting Ms. Wier's therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, and terminating her employment because she has an actual disability, has a record of having a disability, and/or Defendant regarded her as having a disability.

67. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT V

## ADA RETALIATION

68. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth in this Count V.

69. Defendant retaliated against Ms. Wier for exercising her rights under the ADA by contacting Ms. Wier's therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, and terminating her employment because she had requested and/or made use of the reasonable accommodation of intermittent medical leave to receive medical treatment for her disability.

70. Defendant acted with malice and reckless indifference to Ms. Wier's federally-protected rights.

71. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT VI

## IHRA RETALIATION

72. Plaintiff incorporates by reference paragraphs 1 through 60 as though fully set forth in this Count VI.

73. Defendant retaliated against Ms. Wier for exercising her rights under the IHRA by contacting Ms. Wier's therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, and terminating her employment because she had requested and/or made use of the reasonable accommodation of intermittent medical leave to receive medical treatment for her disability.

75. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT VII

## FMLA INTERFERENCE

75. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth in this Count VII.

76. Defendant is a covered employer under the FMLA.

77. Ms. Wier was an eligible employee under the FMLA.

78. Ms. Wier suffered from a serious health condition as defined by the FMLA, anxiety and depression including dysthymic disorder with significant dysphoria.

79. In 2016 and 2017 Ms. Wier exercised her rights under the FMLA by requesting intermittent leave for to receive medical care.

80. Defendant was aware of Ms. Wier's anticipated need for future intermittent FMLA leave.

81. Defendant interfered with Ms. Wier's rights under the FMLA by contacting her therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, failing to allow her to continue using intermittent leave, and terminating her employment.

82. Defendant's conduct was done in willful violation of the FMLA.

83. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

## COUNT VIII

## FMLA DISCRIMINATION/RETALIATION

84. Plaintiff incorporates by reference paragraphs 1 through 57 and 75 through 83 as though fully set forth in this Count VIII.

85. Defendant discriminated and retaliated against Ms. Wier by contacting her therapist to obtain Ms. Wier's protected health information, harassing Ms. Wier about being undependable and misusing her leave time, failing to allow her to continue using intermittent leave, and terminating her employment because she had exercised her rights under the FMLA and advised Defendant of her anticipated need to exercise her FMLA rights in the future.

86. Defendant's conduct was done in willful violation of the FMLA.

87. As a direct and proximate result of Defendant's unlawful conduct, Ms. Wier suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in her favor and against Defendant on all counts and for the following make-whole relief:

A. Preliminary and permanent injunctions enjoining Defendant from unlawfully discriminating or retaliating against Plaintiff;

  B.  Lost past and future wages and benefits in an amount to be proven at trial;

  C.  Compensatory damages in an amount to be proven at trial;

  D.  Liquidated damages;

  E.  Punitive damages;

  F.  Interest;

  G.  Other equitable relief including back pay, reinstatement and/or front pay;

  H.  Plaintiff's reasonable attorneys' fees and costs incurred herein; and

  I.  For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

           HOLLY WIER

         By: /s/Michael J. Merrick
           Attorney For Plaintiff


Michael J. Merrick
Merrick Law Firm LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-9299
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849