IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY WIER, an Individual, | ) | Case No.: 1:19-cv-07000 |
| | ) | |
| Plaintiff, | ) | Judge Edmond E. Chang |
| | ) | |
| v. | ) | Magistrate Judge Heather K. McShain |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL**

Plaintiff Holly Wier has alleged claims of disability failure to accommodate, discrimination and retaliation under the Americans with Disabilities Act and the Illinois Human Rights Act, as well as claims of interference and retaliation under the Family and Medical Leave Act. She served Defendant her First Set of Interrogatories and Requests for Production of Documents on April 23, 2020, which were answered on August 19, 2020. (Answers to Interrogatories, Ex. 1; Supplemental Answers to Interrogatories, Ex. 2; Responses to Requests for Production, Ex. 3) Despite multiple letters and meetings pursuant to Local Rule 37.2, Defendant United Airlines, Inc. refuses to provide complete responses to Plaintiff's Interrogatory No. 11 and Request for Production No. 16.

## **FACTS**

The crux of Plaintiff's lawsuit is that United unlawfully fired her for alleged fraud related to the FMLA certification submitted by her therapist. Because of her mental health disability and serious health condition, in September 2016 Plaintiff requested intermittent FMLA leave from August 15, 2016 through August 15, 2017, and provided Defendant with two FMLA certification forms: one from her treating mental health therapist and the other from her primary care

physician who prescribed her medication relating to her therapy. (Complaint ¶¶ 10, 14, 16, 36; ECF Dkt. No. 1) Defendant informed Plaintiff that her certifications were inadequate and requested additional information concerning her ability to perform specific job functions found in her job description. (Complaint ¶ 15) In October 2016 Defendant received an amended certification form from Plaintiff's therapist with the requested information and Defendant granted Ms. Weir intermittent FMLA leave. (Complaint ¶ 16)

In July 2017 Plaintiff requested another six months of intermittent FMLA leave and submitted an updated certification from her therapist. (Complaint ¶¶ 17, 18) Defendant granted that request in July 2017. (Complaint ¶ 18) In or around August 2017 Defendant began an investigation into Plaintiff's "dependability," specifically her use of FMLA absences as well as the timing of those absences. (Complaint ¶¶ 19, 27-29) Defendant formed the belief that Plaintiff's therapist's license had been cancelled or not renewed, contacted Plaintiff's therapist about the matter, and informed Plaintiff that she needed to verify with her therapist that she was licensed. (Complaint ¶¶ 19, 22) Plaintiff then spoke to her therapist who told her that she had recently learned that she had inadvertently allowed her license to lapse a year earlier, in October 2016. (Complaint ¶ 23) The following day, October 13, 2017 Plaintiff shared this information with Defendant and asked if she could submit a certification from her primary care physician. (Complaint ¶ 24) Defendant told her that she could and within three days that physician submitted an updated certification to Defendant. (Complaint ¶¶ 25, 26) The following day, on October 17, 2017 Defendant met with Plaintiff concerning her "dependability" and accused her of misusing her FMLA leave. (Complaint ¶¶ 27, 28) On October 26, 2017, Defendant informed Plaintiff that because it had concluded that (1) she knew that her therapist's license had expired and (2) she had fraudulently completed her FMLA paperwork, she was fired. (Complaint ¶ 30)

**EXHAUSTION OF LOCAL RULE 37.2 MEET AND CONFER OBLIGATIONS**

The parties have complied with their Local Rule 37.2 obligations. Plaintiff's counsel sent a deficiency letter to Defendant's counsel on August 25, 2020 concerning, *inter alia*, other employees whom it terminated for alleged fraud (Defendant's responses to Plaintiff's Interrogatory No. 11, Request to Produce No. 16). The parties' counsel then met and conferred over the phone three times and exchanged correspondence relating to these issues in September, October, and November. On December 9, Plaintiff's counsel confirmed that the parties were at impasse on the issue concerning production of evidence regarding other employees whom Defendant fired for fraud.

**ARGUMENT**

**I.  Defendant Should be Compelled to Provide Evidence Concerning Other Employees Whom It Fired for Alleged Fraud**

In Defendant's Position Statement to the EEOC responding to Plaintiff's charge of disability discrimination, United defended its termination of Plaintiff in part by alleging that it "consistently administers its policy of terminating employees who commit fraud." (Relevant portions of the Position Statement highlighted and attached as Exhibit 4) Accordingly, Plaintiff served Defendant with written discovery requests to explore and test the veracity of that defense contention. Defendant initially protested and refused to provide Plaintiff with the names or circumstances relating to any other employee whom it terminated for fraud. After Plaintiff's sustained attempts to convince Defendant to produce this information, on October 19 Defendant provided the names of two such employees along with less than a handful of documents relating to their terminations:

**Interrogatory 11**: With respect to Defendant's statement at page 4 of its U.S. E.E.O.C. Position Statement—"United consistently administers its policy of terminating employees who commit fraud"—identify the policy and all individuals Defendant questioned or accused of committing

fraud, and specify those who were investigated and terminated or otherwise disciplined for that reason from 2010 to present.

*ANSWER: United objects to Interrogatory No. 11 as overly broad, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection and its general objections, United refers Plaintiff to its Working Together Guidelines and Code of Ethics and Business Conduct.*

*SUPPLEMENTAL ANSWER: United further states that between January 1, 2013 and October 31, 2017 the following employees in Plaintiff's department, Network Operations- Pilot Training Scheduling, were terminated because they engaged in apparent fraud:*

- *Plaintiff, Holly Wier's employment was terminated on October 26, 2017, see documents previously produced in this matter;*
- *[EMPLOYEE A]'s[1] employment was terminated on November 6, 2016; and*
- *[EMPLOYEE B]'s employment was terminated on February 17, 2015.*

*Pursuant to Federal Rule of Civil procedure 33(d), United also directs Plaintiff to UNITED0000554-570.*

**Request for Production 16**: With respect to Defendant's statement at page 4 of its U.S. E.E.O.C. Position Statement—"United consistently administers its policy of terminating employees who commit fraud"—produce the policy and all documents regarding the individuals Defendant questioned, accused, investigated and/or terminated or otherwise disciplined for committing fraud from 2010 to present.

**RESPONSE**: *United objects to Request No. 16 as overly broad, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and its general objections, United has produced its Working Together Guidelines and Code of Ethics and Business Conduct.*

> Federal Rule of 26(b) provides that
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> With these guidelines in mind, Plaintiff's Interrogatory No. 11 and Request for

---

[1] Plaintiff has edited out the identities of "Employee A" and "Employee B" to protect their privacy.

4

Production No. 16 comply with Rule 26, and Defendant's objections, many of them boilerplate and none of them substantiating burden, should be overruled.

Plaintiff is entitled to evidence concerning all other employees whom Defendant alleges it fired for fraud, since Defendant relies on its allegation, and represented to a federal agency, that where fraud is concerned, it consistently terminates employees. Put simply, Plaintiff is entitled to test the veracity of Defendant's statement. *See e.g. U.S. EEOC v. Dolgencorp, LLC*, 2014 US Dist LEXIS 102933 (N.D. Ill. Jul. 29, 2014); *EEOC v. Bloomin' Apple Rockford I, LLC*, 2006 US Dist LEXIS 2708 (N.D. Ill. Jan. 24, 2006) (Plaintiff entitled to discovery regarding matter raised by Defendant concerning administration of its employment policy). The jury can find that misrepresentations made to the EEOC show that an employer is lying to cover up an unlawful motive. *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 574 (7th Cir. 2015); *McInnis v. Alamo Cmty. College Dist.*, 207 F.3d 276, 283 (5th Cir. 2000); *see also Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 483-85 (7th Cir. 2003) (affirming jury verdict where evidence showed company attempted to mislead EEOC).

Plaintiff agreed to limit her inquiries to the period January 1, 2013 through October 31, 2017 (the month Plaintiff was fired), however Defendant further limited its supplemental response to only individuals in Plaintiff's department. Defendant's limitation to Plaintiff's department is unsupportable given that its own statement to the EEOC is *not* limited in any way.

Further, Defendant has refused to provide Plaintiff with documents underlying the allegations of fraud against the two disclosed employees. For example, Defendant only gave Plaintiff a one-page document for Employee #2, which merely indicating that the employee was terminated but does not even mention the conduct alleged to have been fraudulent. (Exemplars attached as Exhibit 5) Plaintiff is entitled to all investigative documents and internal

5

communications relating to the termination of Employees #1 and #2 so that she can compare their conduct to her own and compare Defendant's investigations. Plaintiff denies she engaged in fraud, and thus she has a right to explore what other circumstances gave rise to Defendant concluding the fired employee had engaged in fraud.

Plaintiff also alleges Defendant violated its own progressive discipline policy when it fired her, and so has a right to know whether in fact United consistently fires employees alleged to have committed fraud. The failure to follow corrective action/progressive discipline policies is evidence of pretext. *See Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 931 (7th Cir. 2020) (and cases cited therein, stating employer's deviations from standard procedures can give rise to an inference of pretext); *Giacoletto v. Amax Zinc Co., Inc.*, 954 F.2d 424, 427 (7th Cir. 1992) (stating jury could reasonably have concluded that because company neglected to follow its procedures for helping employees overcome deficiencies, company fired plaintiff not because of his asserted deficiencies but due to unlawful discrimination).

Additionally, Plaintiff's request is standard "comparator evidence," which can be a primary source of evidence in discrimination cases. *See Morris v. BNSF Ry. Co.*, 969 F.3d 753, 761-62 (7th Cir. 2020) (affirming plaintiff's jury verdict based largely on comparator evidence).

## **CONCLUSION**

For all the reasons set forth above, Plaintiff Holly Wier prays that this Court grant her Motion to Compel and order Defendant to identify all individuals it fired for fraud from January 1, 2013 through October 31, 2017 and produce all documents relating to those investigations and terminations any grant her other relief it deems just and equitable.

Respectfully Submitted,

/s/Karen J. Doran
Karen J. Doran, Attorney at Law, LLC

2100 Manchester Rd., Ste. 1612
Wheaton, IL 60187
(630)384-9367 (phone)
karen@karendoranlaw.com
ARDC # 6282773

Michael J. Merrick
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-9299
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849