**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Holly Wier, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:19-cv-07000 |
| | ) | Judge Edmond E. Chang |
| | ) | Magistrate Judge Sidney I. Schenkier |
| United Airlines, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWERS TO PLAINTIF'S FIRST SET OF INTERROGATORIES**

Defendant United Airlines, Inc. ("United") by and through its Attorneys, Sean C. Herring and Sabreena El-Amin of Jackson Lewis PC., for its Answers to Plaintiff's First Set of Interrogatories, states as follows:

**GENERAL OBJECTIONS**

1. Defendant generally objects to each interrogatory to the extent that it purports to impose an obligation on Defendant to provide a response for, or on behalf of, any other person or entity or that seeks information not in any Defendant's possession, custody, or control.

2. Defendant generally objects to each interrogatory to the extent that it purports to impose obligations on Defendant greater that those imposed by the Federal Rules of Civil Procedure.

3. Defendant generally objects to each and every interrogatory to the extent it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of this case.

1



4. Defendant further objects to each interrogatory to the extent it is vague or ambiguous.

5. Defendant objects to each interrogatory to the extent that it is overly broad, unduly burdensome, or oppressive in scope.

6. Defendant generally objects to each interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges.

7. Defendant objects to each interrogatory to the extent that it seeks confidential trade and business data or other non-public, proprietary, or confidential documents or information protected from disclosure by applicable law. Such information, the extent it is properly subject to discovery, will be produced only following the entry of an appropriate protective order.

8. Defendant generally objects to each interrogatory to the extent that it seeks confidential information of current or former employees of Defendant in this matter on the ground that providing such information would invade the legally protected rights of employees, including, but not limited to, their right of privacy.

Each of the above General Objections applies to and is hereby incorporated by reference in each response to each of the following specific interrogatories. Subject to the foregoing reservations and objections, and without waiver thereof, Defendant further answers Plaintiff's interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify all individuals who provided information or otherwise assisted in answering Plaintiff's interrogatories (all sets).

**ANSWER**:

Subject to and without waiving its general objections, United states that its Human Resources Manager Laurie Ledonne assisted with the preparation of these answers. Ms. Ledonne may only be contacted through United's undersigned counsel.

**INTERROGATORY NO. 2:**

Identify all individuals involved in any way in the administration of Plaintiff's requested FMLA leave from 2016 to 2018, whether by witnessing events or conversations, attending meetings or calls, initially raising any issues or problems or questions, providing information, communicating about the matter, expressing opinions, making requests or recommendations, making any decisions, and/or reviewing or approving any decisions. For each such individual:

    A.    Describe in detail his/her involvement including dates; and

    B.    Identify all documents and ESI relating to his/her involvement.

**ANSWER:**

United objects to Interrogatory No. 2 as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, requesting the identification of documents, and requesting a narrative response better suited for a deposition. Subject to and without waiving these objections and its general objections, United states the following:

- Carlos Rivera Torres, Manager-Employee Service Center Operations, Marilyn Kapuscik, Michael J. Smith, and Cheryl Manikis were involved in the administration of Plaintiff's requested FMLA leave during the relevant timeframe including verifying her FMLA application, approving absences, and requesting additional information, as needed;

- Janice Nelson and Rick McNabb noticed a pattern of Plaintiff using her FMLA leave on days that she was scheduled to complete mandatory training, the days after her regular days off, the days after holidays, and her husband's regular days off; and

- Laurie Ledonne interviewed Plaintiff on October 17, 2017 regarding dependability issues, her FMLA application, and her FMLA requests.

**INTERROGATORY NO. 3:**

Identify all individuals who complained about and/or questioned and/or remarked on Plaintiff's attendance, dependability, reliability and/or conduct while she was on FMLA leave during 2016 to 2018, including the "coworkers" referenced at UNITED000069 (notes of EEOC telephone interview with Laurie Ledonne; "[s]he would call off on fml but then coworkers saw things on facebook like her at Cubs games."). For each such individual:

A. Describe in detail his/her complaints, questions, or remarks including dates; and

B. Identify all documents and ESI relating to his/her complaints, questions, or remarks.

**ANSWER**:

United objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, requesting the identification of documents, and requesting a narrative response better suited for a deposition. Subject to and without waiving these objections and its general objections, United states Janice Nelson and Rick McNabb noticed a pattern of Plaintiff using her FMLA leave on days that she was scheduled to complete mandatory training, the days after her regular days off, the days after holidays, and her husband's regular days off. McNabb subsequently escalated his concerns to human resources. United further states that on or around August 25, 2017, Janice Nelson, Supervisor-Pilot Scheduling escalated concerns regarding Facebook postings Plaintiff made during times when she was out on FMLA leave. On or around September 5, 2017, Nelson also escalated concerns

4

regarding Wier taking FMLA leave outside of the parameters of "1 day per episode," on dates that coincided with training, and during the week prior to her wedding.

**INTERROGATORY NO. 4:**

Identify all individuals involved in any way in the decision to investigate Plaintiff regarding her application for, and/or use of, FMLA leave, whether by witnessing events or conversations, attending meetings or calls, initially raising the issue, providing information, communicating about the matter, expressing opinions, making requests or recommendations, making any decision, and/or reviewing or approving any decision. For each such individual:

- A. Describe in detail his/her involvement including dates; and
- B. Identify all documents and ESI relating to his/her involvement.

**ANSWER:**

United objects to Interrogatory No. 4 as requesting a narrative response better suited for a deposition, requesting information subject to the attorney-client privilege, requesting the identification of documents, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and its general objections, United directs Plaintiff to its response to Interrogatory No. 3. United further states Laurie Ledonne was also involved in the decision to investigate Plaintiff's use of and application for FMLA leave.

**INTERROGATORY NO. 5:**

Identify all individuals involved in any way in the decisions to contact Plaintiff's therapist, Dr. Judith Ivins, and physician, Dr. Anadita Gephart, whether by communicating directly with them or their staff members, witnessing events or conversations, attending meetings or calls, initially raising the issue, providing information, communicating about the matter, expressing opinions, making requests or recommendations, making any decision, and/or reviewing or approving any decisions. For each such individual:

- A. Describe in detail his/her involvement including dates; and
- B. Identify all documents and ESI relating to his/her involvement.

5

**ANSWER:**

United objects to Interrogatory No. 5 as requesting a narrative response better suited for a deposition and requesting the identification of documents. Subject to and without waiving these objections and its general objections, United states that Carlos Rivera Torres reviewed McNabb's concerns regarding Plaintiff's pattern of FMLA use and made the decision to contact Dr. Irvins to determine whether she completed the Health Care Provider portion of Wier's medical certification.

**INTERROGATORY NO. 6:**

Identify all individuals involved in any way in the investigation of Plaintiff's application for, and/or use of, FMLA leave, whether by witnessing events or conversations, attending meetings or calls, initially raising the issue, providing information, communicating about the matter, expressing opinions, making requests or recommendations, making any decision, and/or reviewing or approving any decision. For each such individual:

A. Describe in detail his/her involvement including dates; and

B. Identify all documents and ESI relating to his/her involvement.

**ANSWER:**

United objects to Interrogatory No. 6 as duplicative, requesting a narrative response better suited for a deposition, requesting information subject to the attorney-client privilege, requesting the identification of documents, and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving these objections and its general objections, United directs Plaintiff to its responses to Interrogatories No. 3-5.

**INTERROGATORY NO. 7:**

With respect to the notes labeled UNITED000193-199, identify the participants, date/s, and substance of the meeting/s and of any subsequent meetings, conversations, or other

communications as referenced on page UNITED000199 ("More conversations as we dive a little deeper.").

**ANSWER:**

Subject to and without waiving its general objections, United states that the notes at UNITED000194-199 were prepared by Janice Nelson on October 17, 2017 during Laurie Ledonne's interview of Plaintiff. United further states that Ms. Nelson, Ms. Ledonne, Plaintiff, and Rick McNabb were present for the interview.

**INTERROGATORY NO. 8:**

Identify all individuals involved in any way in the decision to terminate Plaintiff's employment, whether by witnessing events or conversations, attending meetings or calls, initially raising the issue, providing information, communicating about the matter, expressing opinions, making requests or recommendations, making the decision, and/or reviewing or approving the decision. For each such individual:

    A.    Describe in detail his/her involvement including dates; and

    B.    Identify all documents and ESI relating to his/her involvement.

**ANSWER:**

United objects to Interrogatory No. 8 as overly broad, unduly burdensome, requesting a narrative response better suited for a deposition, requesting information subject to the attorney-client privilege, requesting the identification of documents, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and its general objections, United refers to its answers to Interrogatory Nos. 3-7. United further states that Rick McNabb made the decision to terminate Plaintiff's employment on or around October 24, 2017.

**INTERROGATORY NO. 9:**

Identify all individuals involved in any way in the creation of Defendant's EEOC Position Statement, whether by witnessing events or conversations, attending meetings or calls, initially raising the issue, providing information, communicating about the matter, expressing opinions, making requests or recommendations, drafting or revising the document, and/or reviewing or approving the document. For each such individual:

A. Describe in detail his/her involvement including dates; and

B. Identify all documents and ESI relating to his/her involvement.

**ANSWER:**

United objects to Interrogatory No. 9 as overly broad and requesting the identification of documents. Subject to and without waiving this objection and its general objections, United refers to Plaintiff to its Answer to Interrogatory No. 2. United further refers Plaintiff to UNITED000001-78 pursuant to Rule 33(d).

**INTERROGATORY NO. 10:**

Did Defendant at any time, either through an agent, third-party contractor, or by any other means, watch, photograph, record, follow, or otherwise surveille Plaintiff while she was off duty? If so state the reason why, the dates and times, describe the surveillance activity, identify all individuals involved and explain any conclusions made from the surveillance.

**ANSWER**:

United objects to Interrogatory No. 10 as overly broad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection and its general objections, United states that Janice Nelson viewed Plaintiff's Facebook account during times when she was on FMLA leave. United further refers Plaintiff to UNITED000497-502 pursuant to Rule 33(d).

**INTERROGATORY NO. 11:**

With respect to Defendant's statement at page 4 of its U.S. E.E.O.C. Position Statement—"United consistently administers its policy of terminating employees who commit fraud"—identify the policy and all individuals Defendant questioned or accused of committing fraud, and specify those who were investigated and terminated or otherwise disciplined for that reason from 2010 to present.

**ANSWER**:

United objects to Interrogatory No. 11 as overly broad, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection and its general objections, United refers Plaintiff to its Working Together Guidelines and Code of Ethics and Business Conduct.

**INTERROGATORY NO. 12:**

Identify the software, database or other system Defendant uses to track and manage FMLA leave of its employees and state what information is maintained therein and for what period of time.

**ANSWER:**

United objects to Interrogatory No. 12 as overly broad and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving these objections and its general objections, United states that it uses HealthHub to track employee's hours and eligibility for FMLA leave and Time Tracker to identify absences that are taken pursuant to an employee's FMLA leave.

**INTERROGATORY NO. 13:**

Identify every individual who complained internally or filed a complaint against Defendant with a government agency or court regarding FMLA interference, discrimination or retaliation from 2010 to present, and for each such individual state the date of the complaint and name of the agency or court and state how the complaint was resolved.

**ANSWER**:

United objects to Interrogatory No. 13 as overly broad, unreasonable in scope, not proportional to the claims and defenses in this matter, requesting confidential, private information of individuals who are not party to this action, and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Identify every individual who has or may have knowledge of any of the events described in the pleadings in this action and describe each such individual's knowledge.

**ANSWER:**

Subject to and without waiving its general objections, United refers Plaintiff to its Mandatory Initial Disclosures and the individuals identified in its answers to the above interrogatories.

**INTERROGATORY NO. 15:**

Identify all witnesses who will or may testify at summary judgment and trial including the subjects on which the witness will testify and the opinions Defendants expect to elicit.

**ANSWER**:

United states that it shall provide information responsive to Interrogatory No. 15 in accordance with the Local Rules of the United States District Court for the Northern District of Illinois, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. United reserves the right to use all individuals identified in its discovery responses and Plaintiff's discovery responses as witnesses at summary judgment or trial. United further reserves the right to use any

witness that has not been identified and may not otherwise be relevant to the claims and defenses in this case in order to impeach any witness or otherwise refute any piece of evidence used during the summary judgment or trial proceedings in this matter. Subject to and without waiving this objection and its general objections, United refers Plaintiff to its Mandatory Initial Disclosures and the individuals identified in its answers to the above interrogatories.

**INTERROGATORY NO. 16:**

State whether any of Defendant's employees requested time off in 2020 because of the COVID-19 pandemic and if so identify those employees and state when the request was made, whether Defendant granted the leave, when the leave was taken, and whether Defendant paid the employee for any of the time off

**ANSWER**:

United objects to Interrogatory No. 16 as overly broad, requiring the disclosure of confidential, private information of employees who are not parties to this case, and not calculated to lead to the discovery of admissible evidence.

Dated: August 18, 2020

                      By:    /s/ Sean C. Herring
                            Attorneys for Defendant

                            Sean C. Herring
                            Sean.Herring@jacksonlewis.com
                            Sabreena El-Amin
                            Sabreena.El-Amin@jacksonlewis.com
                            **Jackson Lewis PC**
                            150 North Michigan Ave., Ste. 2500
                            Chicago, Illinois 60601
                            Phone 312 787-4949/Fax 312 787-4995

## CERTIFICATE OF SERVICE

      I, Sean C. Herring, an attorney, state that I caused to be served a copy of the aforementioned document **Defendant's Answers to Plaintiff's First Set of Interrogatories** upon All Persons Listed as Registrants through the Court's Electronic Case Filing System at their respective Email addresses on August 18, 2020.

Michael J. Merrick
Merrick Law Firm LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-9299
Fax (312) 269-0800
merrick@merricklawfirm.com

Karen J. Doran
2100 Manchester Road, Suite 1612
Wheaton, Illinois 60187
(630) 384-9367
karen@karendoranlaw.com

                                          /s/ Sean C. Herring_____